UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    Case No: 5:17-cr-25-Oc-10PRL

**CHARLES WALLACE ELLSWORTH**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Ellsworth's *pro se* "Motion for Reconsideration of Compassionate Release" (Dkt. 44). A response is unnecessary. The motion is **DENIED**.

In the Order denying his "Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Dkt. 38), this Court found that Ellsworth failed to present an extraordinary and compelling reason to warrant compassionate release. (Dkt. 43). Specifically, Ellsworth failed to demonstrate that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care. (Id. at 2). Further, it was determined that his concerns about possible exposure to COVID-19 did not constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13. *See* (id. at 3). He now seeks reconsideration of these determinations and attaches additional medical records, "which include several clinical encounters showing his hypertensive events and hospital records from when he had a non-traumatic subarachnoid [hemorrhage]." (Dkt. 44 at 10; Dkt. S-47).[1]

---

[1] To the extent Ellsworth relies on Rules 59(e) or 60(b), Fed. R. Civ. P., to challenge the Order denying his motion for compassionate release, the Federal Rules of Civil Procedure do not apply in criminal cases. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *see also United States v. Hinsey*, 318 F. App'x 773, 774 (11th Cir. 2009) ("[T]he Federal Rules of Civil Procedure cannot be used to challenge the denial of a § 3582 motion."). In any event, the only grounds for reconsidering a ruling are the submission of newly discovered evidence or a demonstration of manifest error. *Kight v. IPD Printing & Distributing, Inc.*, 427 F. App'x 753, 755 (11th Cir. 2011) (citation omitted).

1

However, Ellsworth does not provide any new information that warrants reconsideration. In any event, nothing in his medical records indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[2] U.S.S.G. § 1B1.13, cmt. n.1. Rather, his medical records reflect that his current conditions are regularly treated and controlled with medication. (Dkts. S-42, S-47). Second, Ellsworth is fifty-eight years old and does not qualify for release under the age-based criteria, and he has not presented this Court with family circumstances to justify compassionate release. Last, to the extent he contends that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent to any determination by the United States Sentencing Commission or the Bureau of Prisons (Dkt. 44 at 5-6), courts in this Circuit have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019).

Accordingly, because there is no basis to reconsider the order denying a sentence reduction, the motion (Dkt. 44) is **DENIED**.

**DONE AND ORDERED** this 10th day of September, 2020.

/s/ *James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").